COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-229-CR

 

 

DANREK
DEMONE THOMPSON                                                        APPELLANT

 

                                                             V.

 

THE
STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM CRIMINAL DISTRICT COURT NO. 1 OF
TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

On February 15, 2008, Appellant Danrek
Demone Thompson pled guilty pursuant to a plea bargain to possession of a
controlled substance (cocaine) in the amount of one gram or more but less than
four grams.  The trial court placed him
on three years=
deferred adjudication community supervision. 
On May 22, 2009, the State filed an amended petition to proceed to
adjudication, alleging that Appellant had violated the terms and conditions of
his community supervision by:








$       
testing positive for tetrahydrocannabinol
(THC) on three separate occasions,

$       
testing positive for both THC and morphine on
one occasion,

$       
testing positive for alcohol on one occasion,

$       
being unsuccessfully discharged from
outpatient counseling,

$       
failing to report to his probation officer in
three separate months,

$       
failing to pay crime stoppers and community
supervision fees,

$       
submitting a diluted urine specimen on two
separate occasions, and

$       
failing to submit urine tests on seven
separate occasions.

Appellant pled true to all allegations
and also signed a judicial confession stating that he had committed each and
every act alleged in the amended petition. 
After hearing the evidence, the trial court found all the allegations
except those involving fees true, adjudicated Appellant=s
guilt, and sentenced him to eight years=
confinement. 

Appellant=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, this appeal is
frivolous.  Counsel=s
brief and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.[3]  This court afforded Appellant the opportunity
to file a brief on his own behalf, but he did not.








Once an appellant=s
court-appointed counsel files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, we are
obligated to undertake an independent examination of the record to see if there
is any arguable ground that may be raised on his behalf.[4]  Only then may we grant counsel=s
motion to withdraw.[5]

We have carefully reviewed the record
and counsel=s
brief.  We agree with counsel that the
appeal is wholly frivolous and without merit. 
We find nothing in the record that might arguably support the appeal.[6]  Consequently, we grant the motion to withdraw
and affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

 

DELIVERED:  April 29, 2010











[1]See Tex. R. App. P.
47.4.





[2]386 U.S. 738, 87 S.
Ct. 1396 (1967).





[3]See Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no
pet.).





[4]See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.





[5]See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346,
351 (1988).





[6]See Bledsoe v. State, 178 S.W.3d 824, 827
(Tex. Crim. App. 2005).